UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DEMARIO ROBERTS, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>STEPHEN SINCLAIR, et. al.,<br><br>Defendants. | Case No. C18-837 RSM<br><br>ORDER DENYING MOTION TO AMEND COMPLAINT AND DENYING MOTION TO REOPEN DISCOVERY |

This matter comes before the Court on Plaintiffs' Motion to Amend Complaint (Dkt. #67), and Motion for Extension of Time to Complete Discovery (Dkt. #68). Plaintiffs in this case are inmates at Monroe Correctional Complex who allege they were denied requests to be placed on a Ramadan List—*i.e.* to be provided meals that satisfy religious requirements—for the month of Ramadan in 2018. *See* Dkt. #59 ("Amended Complaint").

This case was filed on June 10, 2018. The deadlines for amending pleadings and joining parties passed on September 12, 2018. Dkt. #56. Plaintiffs filed an Amended Complaint on that date. Dkt. #59.

Plaintiffs now seek to amend again to "add three new Plaintiffs who Defendants refused to add to the Ramadan List, and who did not receive Ramadan meals for part of Ramadan 2019," and to add new facts learned in discovery and new legal arguments including a new claim under the Establishment Clause. Dkt. #67 at 4. Plaintiffs' other Motion seeks leave to conduct additional written discovery as to the events of Ramadan 2019. Dkt. #68.

ORDER DENYING MOTION TO AMEND COMPLAINT AND DENYING MOTION TO REOPEN DISCOVERY - 1

As to the first issue, Plaintiffs specifically argue:

> As discovery related to the Ramadan 2018 Plaintiffs was wrapping up in May and June 2019, Ramadan 2019 occurred. When the Ramadan 2019 period began on May 6, Plaintiffs' counsel learned of complaints from other inmates at Monroe who were not receiving Ramadan meals. Treating the Department's failure to once again add fasting Muslim inmates to the Ramadan List as an emergency that could result in starvation, Plaintiffs' counsel immediately travelled to Washington. Over the course of a business week, Plaintiffs' counsel managed to pressure the Department to add all individuals counsel was aware of to the Ramadan List. This foreclosed the need to seek another temporary restraining order or preliminary injunction. Still, the Department's actions surrounding Ramadan 2019 denied additional Muslim inmates food and violated those inmates' civil rights. The Department's actions further indicate the same issues are likely to repeat in 2020 and beyond. Three inmates who exhausted the emergency grievance process should be added as Plaintiffs.

Dkt. #67 at 3.

Once a district court files a scheduling order pursuant to Federal Rule of Civil Procedure 16 and the deadlines for amending a pleading or joining a party expire, a party's motion to amend a pleading or join an additional party is governed by Rule 16, not Rule 15. *See Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607-08 (9th Cir. 1992).

A scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). The decision to modify a scheduling order is within the broad discretion of the district court. *Johnson*, 975 F.2d at 607. "Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking amendment." *Id.* at 609. If a party has acted diligently yet still cannot reasonably meet the scheduling deadlines, the court may allow modification of the schedule. *Id*. However, "if that party was not diligent, the inquiry should end" and the motion to modify should not be granted. *Id*. Local Civil Rule 16(m) states that "this rule will be strictly enforced" in order to "accomplish effective pretrial

ORDER DENYING MOTION TO AMEND COMPLAINT AND DENYING MOTION TO REOPEN DISCOVERY - 2

procedures and avoid wasting the time of the parties, counsel, and the court." While prejudice to the party opposing the modification may provide additional reasons for denying the motion, it is not required to deny a motion to amend under Rule 16(b). *Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1295 (9th Cir. 2000).

Given the above standards, the Court will first analyze whether Plaintiffs have been diligent in seeking this amendment and to add new parties.

The first complaint in this case was filed on June 10, 2018. Dkt. #1. In 2018 Ramadan began on May 16 and ended on June 15. *Id*. at 9 n.1. The parties filed a Joint Status Report on August 2, 2018. Dkt. #55. At that time, Plaintiffs explained they were "still in the process of identifying potential new defendants and plaintiffs." *Id.* at 2. The parties proposed different deadlines for the addition of new parties and amending the complaint. Based on the submission of the parties, the Court issued a scheduling order that set both the deadline for joining additional parties and for amending pleadings on September 12, 2018. Dkt. #56. Plaintiffs filed an Amended Complaint on September 12, 2018. Dkt. #59. Plaintiffs anticipated Ramadan 2019 becoming an issue at this early date. *See id*. at 24 ("it is unlikely this case will be resolved before Ramadan 2019 commences."). In 2019, Ramadan began on May 5 and ended on June 3.

By Plaintiffs' own admission they were aware for months of the potential for Ramadan 2019 to create new issues in this case, and indeed Ramadan 2020 and so on. Yet Plaintiffs waited until June 21, 2019, to file a Motion seeking leave to add parties and claims and to expand the scope of this case. By waiting until this late date, seven weeks after Ramadan 2019 began, Plaintiffs delayed the Court's ruling on this issue until after dispositive motions have been filed. As Defendants point out, "had they filed their motion on May 15, 2019, when they

ORDER DENYING MOTION TO AMEND COMPLAINT AND DENYING MOTION TO REOPEN DISCOVERY - 3

most recently raised the prospect of amending the complaint with defense counsel, the motion could have been noted for consideration before the close of discovery and the dispositive motion deadline. Instead, they waited until after completion of written discovery and the day before the already extended discovery cutoff." Dkt. #71 at 7. This does not strike the Court as demonstrating diligence.

The Court acknowledges that, given the nature of this case, including the inherent delays associated with representing inmates, there are mitigating factors to explain Plaintiffs' counsel's delay in filing these Motions. *See* Dkt. #81 at 2–3. Considering these mitigating factors, the Court does not base its ruling solely on Plaintiffs' diligence.

The Court thus turns to the question of prejudice to the party opposing amendment. The Court agrees with Defendants that this late amendment and addition of parties would significantly frustrate Defendants' ability to defend this case before trial, and likely result in a whole new period of discovery and dispositive motion drafting. *See* Dkt. #71 at 6. Any efficiencies gained by adding these new plaintiffs to this case, rather than allowing them to file a separate action, are outweighed by prejudice to the opposing party, and even prejudice to the current Plaintiffs who would see a delay in the resolution of this case. Given all of the above, the Court will deny these Motions.

Having reviewed the relevant briefing, and the remainder of the record, the Court hereby finds and ORDERS that Plaintiffs' Motion to Amend Complaint (Dkt. #67), and Motion

//

//

//

//

ORDER DENYING MOTION TO AMEND COMPLAINT AND DENYING MOTION TO REOPEN DISCOVERY - 4

for Extension of Time to Complete Discovery (Dkt. #68) are DENIED.

DATED this 1st day of August 2019.

                                                            RICARDO S. MARTINEZ
                                                            CHIEF UNITED STATES DISTRICT JUDGE

ORDER DENYING MOTION TO AMEND COMPLAINT AND DENYING MOTION TO REOPEN DISCOVERY - 5